IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. THE CIGAR BOX, LLC DBA THE
CIGAR BOX,
2. VANESSA TIDMORE,
    Plaintiffs,

v.

1. HOUSTON SPECIALTY INSURANCE
COMPANY,
    Defendants.

Case No. CIV-22-519-SLP

## COMPLAINT

The Cigar Box, LLC dba The Cigar Box (here Bar) and Vanessa Tidmore, (here Tidmore), Plaintiffs here, seek a declaratory judgment pursuant to 28 U.S.C. § 2201, to determine a controversy as to parties' rights and obligations under an insurance policy issued by Defendant Houston Specialty Insurance Company (Houston) to Bar and allege:

### JURISDICTION

1. Plaintiff, Bar, is a limited liability company created under Oklahoma law, all the partners of which are Oklahoma citizens.

2. Plaintiff, Tidmore, is an Oklahoma citizen.

3. Defendant, Houston, is an insurance company created, incorporated and having its principal place of business in Texas.

4. This case concerns whether coverage is afforded by insurance policies Houston issued which had liability coverage in excess of $75,000.00, for claims against Bar.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C, § 1332(a)(1).

**VENUE**

**FACTS**

6. Plaintiff, Tidmore, sued Bar over a car wreck in which a bar patron who was also a bar employee was driving after drinking alcohol at Bar claiming Bar over-served the bar patron, an off-duty Bar employee.

7. Bar had an insurance policy with Defendant, Houston, containing a $1,000,000 liability limit. The policy provides coverage for injury that occurs by reason of the selling, serving, or furnishing of any alcoholic beverage.

8. Defendant, Houston, denied coverage for the claim, saying the policy does not apply to a claim or suit arising out of or resulting from service of alcohol to an employee, regardless of whether the employee is on or off duty, and the policy excludes coverage arising out of the serving or furnishing of any alcoholic beverage by any person who does not have a current TIPS Alcohol Certification. The employee who served the patron was not TIPS certified. These exclusions were added to the policy after the policy was issued and were never communicated to Bar.

9. An actual and justiciable controversy exists between Bar and Houston regarding the coverage afforded by the policies, for which this judgment is sought.

10. Bar understood from Houston that it was buying and paying for coverage for several years and that it was getting coverage which would protect it from suits such as Tidmore's. The Court should reform the policy by removing the uncommunicated exclusions to make the policy provide the intended coverage.

11. Plaintiff, Tidmore, is involved because she has claims which will be affected.

Plaintiffs pray that the Court enter its judgment reforming the policy and declaring that the insurance policies Houston issued afford coverage for the claims asserted in the lawsuit brought by the Plaintiff, Tidmore; and Defendant, Houston owes a duty to defend Plaintiff, Bar from those lawsuits, and for such other and further relief as this Court may find just and equitable in the premises.

s/Rex Travis

| | |
|---|---|
| James M. Love, OBA #10580<br>Titus Hillis Reynolds Love, P.C.<br>15 East Fifth Street, Suite 3700<br>Tulsa, OK 74103-4304<br>jlove@titushillis.com<br>Telephone: (918) 587-6800<br>Facsimile: (918) 587-6822 | Rex Travis, OBA #9081<br>Travis Law Office<br>12220 N. MacArthur Blvd., Suite F #220<br>Oklahoma City, OK 73162-1851<br>info@travislawoffice.com<br>Telephone: (405) 236-5400<br>Facsimile: (405) 242-3481 |

**ATTORNEY'S LIEN CLAIMED**